---

St. Paul F. & M. Ins. Co., Appellant, *v.* Neideoken, Respondent.

### Insurance — Premium Note, Liability Upon.

Although the insured in his application, without fraud, makes such a misstatement of material facts as would, if pleaded, defeat a recovery on the policy, still, that would furnish no defense in an action on his premium note, notwithstanding § 4167, Comp. L., which provides that " a person insured is entitled to a return of the premium * * * when by any default of the insured other than actual fraud, the insured never incurred any liability under the policy."

(Argued May 20, 1889; reversed May 31; opinion filed October 10, 1889.)

APPEAL from the district court, Stutsman county; Hon. Roderick Rose, Judge.

*C. E. Joslin,* for appellant.

It is claimed respondent is entitled to a return of the premium under section 4167, Comp. L. The contract of insurance was

completed. There was a consideration for the note. The company had earned or become entitled to the benefits of the premium. Either party to the contract might do a wrong which would forfeit his right to a recovery; but there is no principle of law or equity that would permit one party to voluntarily break his contract and deprive the other of rights thereunder.

As to the claim that the failure of the respondent to state the incumbrances on the property makes the policy absolutely void, we have but to say that it is inconsistent with the contract and unsupported by reason or authority. It is voidable only at the instance of the company. It is a breach on the part of the respondent which the company may take advantage of or waive. The respondent is estopped from setting up such a breach as a defense to the payment of his note.

*S. L. Glaspell*, for respondent.

The only question is whether or not the policy was void from the beginning by reason of misrepresentations.

The court found " that the plaintiff is not entitled to recover in this case for the reason that the policy was void from the beginning."

The insurer never incurred any liability and is not entitled to any premium. § 4167, Comp. L.

The claim that the policy is voidable simply and only at the election of the insurer is not supported by authority, and is inconsistent with a provision of the policy itself. It is conceded that the insured was not guilty of fraud in making the misrepresentation; therefore, in refusing payment he is not taking advantage of his own wrong.

Aside from the statute, respondent contends that the policy was void *ab initio*, and the note sued upon was without consideration. Waller v. Northern Ins. Co., 19 N. W. Rep. 865; Conn. Mut. Life v. Pyle, 4 N. E. Rep. 465. Where a policy is avoided by misrepresentations the policy should be canceled and premiums returned. N. Y. Life Ins. Co. v. Fletcher, 117 U. S. 519.

AIKENS, J. This is an action upon a promissory note given by the respondent to the appellant for the premium of a policy of

insurance. The respondent defended, alleging, among other things, that the note was given for a policy of insurance void *ab initio* by reason of material misrepresentations contained in the written application therefor, and, therefore, without consideration.

It is admitted that the representations contained in the application which were false are material, and would, if pleaded by the company, avoid any claim for loss under this policy. They relate to the ownership or title to the real estate, and incumbrance upon personal property, and are such as are usually contained in like instruments.

The respondent eliminates from the case all defenses except this one, and confidently relies upon section 4167 of the Compiled Laws (section 1543, Civil Code) as sustaining his theory. The learned judge in the court below found with the respondent upon this proposition, and gave judgment for him.

The section above cited reads as follows: " A person insured is entitled to a return of the premium when the contract is voidable on account of the fraud or misrepresentation of the insurer, or on account of facts of the existence of which the insured was ignorant, without his fault, or when, by any default of the insured other than actual fraud, the insurer never incurred any liability under the policy." The court below found, as a conclusion of fact, that there was no misrepresentation intentionally made on the part of the defendant as to the incumbrance on the personal property, and also that the fact of the title being in the government was known to the plaintiff.

As to the latter finding, we do not consider that there was any misrepresentation. The question and answer as to title was as follows: " (7) What title has the applicant to these premises ? Homestead." In a well-considered case in New York (Merrill v. Insurance Co., 73 N. Y. 452) the court held that where a like question was answered, " deed," it did not amount to a representation that the applicant had the absolute title in fee to the premises. We think the same rule would apply to this case ; and certainly so where the court below found that the plaintiff knew, at the time the insurance was effected, of the real condition of the title.

As to the representation concerning incumbrance upon the per-

sonal property, it might, as a defense, if pleaded in an action to recover for a loss under the policy, avoid liability; but it is equally true that, in the absence of such a defense, the policy-holder would be entitled to recover. The policy is voidable only at the option of the insurer. The conditions contained in the policy regarding representations and warranties contained in the application are solely intended for the benefit of the insurer, and, like any other benefit or advantage, may be disregarded or waived. One of the early and best-considered cases upon the subject of waiver by insurance companies of such conditions or warranties is Viele v. Insurance Co., 26 Ia. 9.

Respondent contends, in his brief, that the following clause in the policy rendered it absolutely void to such an extent that it ceased to have a legal existence, viz.: "If the assured shall make any false or erroneous representations or concealment material to the risk,   *   *   *   then, and in every such case, this policy shall be null and void." Justice BECK, speaking for the court, in Viele v. Insurance Co., *supra*, at page 51, says: "Unsound conclusions in the argument of defendant's counsel result from an improper understanding of the expression, 'shall be void,' used in the condition above quoted from the policy. It is insisted that the instrument, by force of these words, upon the increase of the risk, became absolutely null and void. The phrases and words used to convey the idea are, '*ipso facto* void,' 'dead;' 'extinct;' 'defunct;' 'of no effect,' etc. — meaning thereby that the instrument has no force or effect, in the sense of these terms, when applied to instruments void in law; as the deeds of parties having no legal capacity to contract, or contracts against public policy, etc. But the term 'void,' as used in the policy, has no such meaning. It simply means that the underwriters, upon the violation of his covenants by the assured, shall cease to be bound by their covenants in the policy; and this is in accordance with the true definition of the word, and its common use in like connections. The policy does not cease to have a legal existence. It is the only competent evidence of the contract it embodies; and, in truth, is not void, except so far that the underwriters are no longer bound thereby. Neither will they be discharged therefrom unless they plead the fact that the insured failed to perform his covenants

contained in the policy. Their silence would waive the default of the opposite party." Again, on page 52: "The party in default cannot defeat the contract." The party for whose benefit the conditions are introduced may waive the forfeiture. It follows, therefore, that the instrument is forfeited at the option of the innocent party; and, if he waives the forfeiture, the contract stands as if no breach had occurred."

The views held by the Iowa supreme court are supported by a long list of highly respectable authorities cited in the able opinion from which the foregoing quotations are borrowed.

Again, in this case the record is silent as to any rescission or attempt at rescission, on the part of the defendant; and, as it is in its nature an affirmative plea in avoidance, it must be presumed that there was none. The policy contained this condition, which is reasonable, viz.: "(4) This company may at any time cancel this policy, returning the unexpired premium *pro rata*. The assured may at any time have this policy canceled by paying all premiums due therefor, at customary short rates, for the time the policy has been issued." Surely the defendant would have no right to avoid the payment of earned premium upon such a plea, never having demanded a return of the premium, or offered to return the policy.

It is the opinion of the court that the court below erred in rendering judgment for the defendant, and the same is reversed, and a new trial ordered. All the justices concur, except ROSE, J., not sitting.